## HERSOM & a. v. HENDERSON.

Although parties may have made a written contract, yet it may also be shown, that at the same time they made a verbal contract touching the subject of the writing, if it do not contradict or vary it.

A bill of sale of a horse was offered in evidence, containing also a receipt for the payment of the price. *Held*, that parol evidence, that the vendor at the time of the sale warranted the horse to be sound, was admissible, as it did not contradict or vary the writing.

ASSUMPSIT on a warranty of a horse.

On the general issue, the plaintiffs introduced evidence tending to show, that the defendant offered to sell two horses to Hall, a witness, for $250. Hall said, he did not want them; but if the defendant could warrant the horses sound and right, he could sell them for him. The defendant said, he could warrant them sound and right. Hall then told the defendant, that a friend of his at Salmon Falls, naming the plaintiff, Hersom, had spoken to him for two good, sound horses; and he sent word by the defendant to the plaintiffs, desiring them to come to Rochester, and see a pair of horses, which were for sale there. Nason came up and looked at the horses with Hall; and the next day, Hersom came up and called on Hall. The defendant came in, and the three went together to the defendant's stable to look at the horses. The price was fixed by the defendant at $250 for the two horses. Hersom asked the defendant, if the horses were sound and kind every way, and the defendant replied,

" yes, they are." Hersom and the defendant stepped aside, and shortly returned, and said they had closed a bargain. The horses were then delivered to Hersom. They were paid for the next day at Salmon Falls by cash and a note ; and a bill or receipt was given by Henderson, as recited hereafter.

The plaintiffs' evidence also tended to show, that one of these animals, a bay mare, was not sound, but had been subject to fits before the defendant owned her, and while the plaintiffs owned her, and afterwards, and the defendant knew this fact ; and that the plaintiffs were partners under the name of Isaac Hersom.

Notice having been given by the defendant to the plaintiffs, to produce their bill of sale of these horses from the defendant, the plaintiffs now produced the following paper, protesting, that it was not a bill of sale, or written contract merging the parol agreement, but was merely a receipt for the payment of money. The signature was admitted.

"Rochester, March 12th, 1849.

Mr. Isaac Hersom bo't of Charles Henderson,

One brown horse, eight years old this spring,

One bay mare, eight years old this spring,

Received payment,. $250,

Charles Henderson."

The defendant moved for a nonsuit on the ground, that this writing must be presumed to contain the contract between the parties, and that parol evidence was not admissible to prove a contract of warranty not contained in the writing.

The court so held ; and that, whether the evidence offered tended to vary the effect of the writing or not, was a question of law to be determined by the court.

The court also ruled, that in the absence of any evidence, tending to show that the writing was intended or agreed to contain but a part of the contract, it could not be left to the jury to say, whether or not the writing contained, or was designed to contain, the whole contract.

To these rulings the plaintiffs excepted, and a verdict was taken for the defendant by consent, subject to the opinion of the Superior Court.

*John S. Woodman*, for the plaintiffs.

Parol evidence is admissible, in this case, to show the true contract, notwithstanding the writing introduced in evidence. *Wallace* v. *Rodgers*, 2 N. H. Rep. 506 ; *Harris* v. *Johnson*, 3 Cranch, 311 ; 1 Pet. Cond. Rep. 543 ; 1 Greenl. Ev. § 284 *a*, (3d ed.) ; Cowen & Hill's Phillips, 1473, 1475.

It is a question of fact for the jury, whether a writing was given in full execution of a parol contract, or in part merely. 4 Wash. C. C. Rep. 299.

Where a writing does not appear to be a plain, complete contract, expressed in some usual form, it is a question for the jury to decide, under all the circumstances of the case, whether the writing does, or not, contain the whole contract entered into between the parties.

*R. & W. A. Kimball*, for the defendant.

GILCHRIST, C. J. The writing produced in evidence is a bill of sale of the horses, containing a receipt for the payment of their price. Nothing is said in it about a warranty of their soundness.

The plaintiffs have proved by parol evidence independent of the writing, and having no connection with it, that the defendant, at the time of the sale, warranted the horses to be sound.

The court ruled, that the writing must be presumed to contain the contract between the parties, and that parol evidence was not admissible to prove a contract of warranty not contained in the writing.

Parol evidence is not admissible to vary or control the writing, and if the evidence offered has that effect, it was properly excluded. But we think that the evidence was competent. The plaintiffs did not rely on the writing to make out their case, nor was it necessary that they should do so. The evidence of the warranty does not contradict or vary the effect of the writing in any degree. It does not even explain it, and it needs no explanation by evidence *aliunde*. The defendant proved a warranty by evidence as independent of the writing, as one

thing of the kind can be of another. There is no reason to presume that, because the parties made a written contract relating to the price and age of the horses, therefore they made no other contract relating to them, touching a matter perfectly consistent with the writing. There is no necessary or usual connection between the two matters, and we cannot reason from one to the other. The opinion of the Court is that the ruling was erroneous ; and there is an English case which justifies this conclusion. In the case of *Allen* v. *Pink*, 4 M. & W. 140, the defendant gave a verbal warranty of a horse, which the plaintiff thereupon bought and paid for, and the defendant then gave him the following memorandum : " Bought of G. A. (the plaintiff,) a horse, for the sum of seven pounds, two shillings and sixpence. (Signed) G. P." It was held, that parol evidence might, notwithstanding, be given of the warranty. Lord *Abinger* said, in the course of his opinion, " The general principle stated by Mr. Byles, is quite true, that if there had been a parol agreement which is afterwards reduced by the parties into writing, that writing alone must be looked to, to ascertain the terms of the contract ; but that principle does not apply here. There was no evidence of any agreement by the plaintiff that the whole contract should be reduced into writing by the defendant. The contract is first concluded by parol, and afterwards the paper is drawn up which appears to have been meant merely as a memorandum of the transaction, or an informal receipt for the money, not as containing the terms of the contract itself."

<div align="right">

*Verdict set aside.*